**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4020**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JERRY WAYNE AVERY, JR.,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
Chief District Judge.  (1:07-cr-00302-JAB-1)

_____

Submitted:  August 6, 2009          Decided:  August 27, 2009

_____

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Michael Francis Joseph, Angela Hewlett Miller,
Assistant United States Attorneys, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Wayne Avery, Jr., pleaded guilty to two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006). Avery received a sentence at the bottom of the Guidelines range, consisting of concurrent terms of 202 months on the drug counts and a consecutive sixty-month term on the firearm charge, for a total sentence of 262 months. Avery filed a timely notice of appeal. We affirm.

On appeal, Avery's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In the brief, counsel argues that the district court imposed an unreasonably long sentence. Avery was informed of his right to file a pro se supplemental brief, but has not done so.

We review sentences for reasonableness, applying an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We first consider whether the district court committed any significant procedural error, such as improperly calculating the advisory Guidelines range. United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). We then assess the

2

substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Id. Further, we presume on appeal that a sentence within the advisory Guidelines range is reasonable. Gall, 128 S. Ct. at 597; Pauley, 511 F.3d at 473. Moreover, we must give due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors justify the sentence. Gall, 128 S. Ct. at 597. Even if we would have imposed a different sentence, this fact alone is insufficient to justify reversing the district court. Evans, 526 F.3d at 160.

In this case, the district court properly calculated Avery's Guidelines range. In addition, the district court was aware of Avery's interest in working on gang-prevention programs and his desire to care for his children, the two issues that Avery now says make his sentence unreasonable. The district court weighed these considerations against Avery's repeated criminal conduct, the seriousness of the current offenses, and the need for Avery's punishment and deterrence. In considering the sentencing factors, the district court found that a Guidelines sentence was appropriate. We conclude Avery has not rebutted our appellate presumption that the district court's sentence was reasonable.

As part of our review in this Anders appeal, we have examined the full record, including the plea colloquy, and we do not find any reversible errors. We therefore affirm Avery's

3

conviction and sentence. This court requires that counsel inform Avery, in writing, of his right to petition the Supreme Court of the United States for further review. If Avery requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Avery. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED